**Zachary Mushkatel**
Arizona Bar No. 023377
**Mushkatel, Robbins & Becker, PLLC**
15249 North 99th Avenue
Sun City, Arizona 85351
Tel: (623) 889-0691
Fax: (623) 974-4739
zach@phoenixlawteam.com

**Austin W. Anderson** (*Admitted Pro Hac Vice*)
Texas Bar No. 24045189
austin@a2xlaw.com
**Clif Alexander** (*Admitted Pro Hac Vice*)
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy** (*Admitted Pro Hac Vice*)
Texas Bar No. 24071993
lauren@a2xlaw.com
**Anderson2X, PLLC**
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles Taylor,<br>and Richard LaBryer,<br>Individually and on behalf of all<br>others similarly situated<br><br><br>  *Plaintiffs*,<br><br>v.<br><br><br>Republic Services, Inc.,<br><br>  *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:16-cv-02760-DGC<br><br>**JURY DEMANDED**<br><br>**AMENDED CLASS/COLLECTIVE<br>ACTION COMPLAINT**<br><br><br>*(Assigned: Honorable David G. Campbell)* |

Plaintiffs Charles Taylor and Richard LaBryer, individually and on behalf of all opt-in plaintiffs and others similarly situated, ("Plaintiffs") hereby allege as follows:

1. Plaintiff Taylor was employed as a non-exempt waste disposal driver at Republic's San Antonio, Texas waste disposal facility from approximately May 1, 2013 until December 1, 2015. Plaintiff LaBryer has been employed as a non-exempt waste disposal driver at Republic's Carnegie, Pennsylvania waste disposal facility since approximately September 2001.

2. Plaintiffs Taylor and LaBryer bring this action individually and on behalf of all other similarly situated non-exempt waste disposal drivers ("Putative Class Members") employed by Republic throughout the United States during the preceding three years and through the final disposition of this matter.

3. Plaintiffs seek all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. The collective action provisions under the FLSA provide for opt-in class participation. Plaintiff's claims pursuant to the PMWA are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

4. Plaintiffs and the Putative Class Members allege that Republic failed to pay the proper amount of overtime in accordance with the FLSA and the PMWA for the three-year period preceding the filing of the original complaint and through the final disposition of this matter. Republic's violations are described as follows.

5. Republic violated and continues to violate the FLSA and the PMWA by failing to pay their waste disposal drivers across the United States and in Pennsylvania, including Plaintiffs and the Putative Class Members, time and one-half for each hour worked in excess of 40 hours per workweek as is required by the FLSA and the PMWA. Further, Republic has improperly calculated Plaintiffs and the Putative Class Members' regular rate of pay resulting in further miscalculation of Plaintiffs and the Putative Class Members' overtime pay. Plaintiffs and the Putative Class Members should have received overtime compensation at a rate not less than one and one-half times their true regular rate as is required by the FLSA and the PMWA.

6. Republic violated and continues to violate the FLSA and the PMWA by permitting and encouraging waste disposal drivers across the United States, including Plaintiffs and the Putative Class Members, to perform pre-trip and post-trip work duties "off-the-clock"—that is, work without pay.

7. Moreover, Republic violated and continues to violate the FLSA and the PMWA by automatically deducting 30-minute meal periods from Plaintiffs and the Putative Class Members' daily hours worked, despite knowing that Plaintiffs and the Putative Class Members routinely worked (and continue to work) throughout their designated 30-minute meal periods each day.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Charles Taylor ("Taylor") is an individual residing in San Antonio, Bexar County, Texas and worked at Republic's San Antonio, Texas facility. Plaintiff

Taylor's written consent to be a party plaintiff in this action is attached hereto as Exhibit "A".

9.      Plaintiff Richard LaBryer ("LaBryer") is an individual residing in Allegheny County, Pennsylvania and worked at Republic's Carnegie, Pennsylvania facility.  LaBryer's written consent to be a party plaintiff in this action is attached hereto as Exhibit "B."

10.      Plaintiff Salvador Arias ("Arias") is an individual residing in Houston and worked at one of Republic's Houston, Texas facilities.  Plaintiff Arias' written consent to be a party plaintiff in this action is attached hereto as Exhibit "C."

11.      Plaintiff Carlos Gallegos ("Gallegos") is an individual residing in Corpus Christi, Texas and worked at Republic's Corpus Christi, Texas facility. Plaintiff Carlos Gallegos' written consent to be a party plaintiff in this action is attached hereto as Exhibit "D."

12.      Plaintiff John Paul Johnson ("Johnson") is an individual residing in Deer Park, Texas and worked at one of Republic's Houston, Texas facilities. Plaintiff Johnson's written consent to be a party plaintiff in this action is attached hereto as Exhibit "E."

13.      Plaintiff Jonathan Naranjo ("Naranjo") is an individual residing in Houston, Texas and worked at one of Republic's Houston, Texas facilities. Plaintiff Naranjo's written consent to be a party plaintiff in this action is attached hereto as Exhibit "F."

14.     Plaintiff John Ochoa ("Ochoa") is an individual residing in Buda, Texas and worked at Republic's Austin, Texas facility.  Plaintiff Ochoa's written consent to be a party plaintiff in this action is attached hereto as Exhibit "G."

15.     Plaintiff Saul Ornelas ("Ornelas") is an individual residing in Edinburg, Texas and worked at one of Republic's Rio Grande Valley facilities.  Plaintiff Ornelas' written consent to be a party plaintiff in this action is attached hereto as Exhibit "H."

16.     Plaintiff Paul Moore ("Moore") is an individual residing in Missouri City, Texas and worked at one of Republic's Houston, Texas facilities. Plaintiff Moore's written consent to be a party plaintiff in this action is attached hereto as Exhibit "I."

17.     Plaintiff Lamont Randle ("Randle") is an individual residing in Maynard, Texas, and worked at one of Republic's Houston, Texas facilities. Plaintiff Randle's written consent to be a party plaintiff in this action is attached hereto as Exhibit "J."

18.     Plaintiff Lamar Young ("Young") is an individual residing in Groves, Texas and worked at one of Republic's Rio Grande Valley, Texas facilities. Plaintiff Young's written consent to be a party plaintiff in this action is attached hereto as Exhibit "K."

19.     Plaintiff Paul Wells ("Wells") is an individual residing in Round Rock, Texas and worked at Republic's Austin, Texas facility.  Plaintiff Wells' written consent to be a party plaintiff in this action is attached hereto as Exhibit "L."

20.     The Putative Class Members represent all of Republic's non-exempt current and former waste disposal drivers throughout the United States who performed the same or similar work as Plaintiffs Taylor, LaBryer, and the opt-in plaintiffs named

above, and were subjected to the same or similar payment policies as Plaintiffs Taylor, LaBryer, and the opt-in plaintiffs named above, during the past three years and through the final disposition of this matter.

21.     Defendant Republic Services, Inc. ("Republic") is a for-profit corporation incorporated in the State of Delaware. Republic's corporate headquarters and principal place of business is located in Phoenix, Arizona. Republic has been served by service of process with notice of this suit and has appeared in this action.

22.     Republic is a covered employer under the FLSA and the PMWA and acted as such in relation to Plaintiffs and the Putative Class Members at all relevant and material times discussed herein.

23.     This Court has personal jurisdiction over Republic because Republic's corporate headquarters and principal place of business is located in Phoenix, Arizona, which is located in this District and Division.

## SUBJECT MATTER JURISDICTION AND VENUE

24.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

25.     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent and supplemental claims which are brought pursuant to the statutory and common law of the State of Pennsylvania under the PMWA, 43 P.S. §§ 333.101, *et seq.,* because those claims arise out of the same transaction or occurrences as the federal claims alleged herein.

26. Venue is proper in the District of Arizona, Phoenix Division, because all or a substantial part of the acts, omissions and events giving rise to this action occurred in the District of Arizona, Phoenix Division.

27. Specifically, and upon information and belief, personnel from Republic's, corporate and regional offices conduct management meetings by telephone with local managers of Defendants' waste disposal facilities throughout the United States.

28. Upon further information and belief, personnel from Republic's corporate and regional offices make or have made periodic and routine visits to Republic's waste disposal facilities throughout the United States to audit each facility's performance and profitability, while also requiring that changes or corrective actions be taken following an audit.

29. Upon further information and belief, personnel from Republic's corporate and regional offices have ultimate management and control of payroll and payroll information systems and all other database and information systems that track the productivity of waste disposal drivers such as Plaintiffs and the Putative Class Members throughout the United States.

30. Upon further information and belief, personnel from Republic's corporate offices have ultimate management and control of the policy to automatically deduct 30 minutes per day for meal periods.

31. And finally, upon information and belief, Republic's corporate and regional offices and the personnel located therein review and authorize the implementation, changes and components of "Incentive Pay Plan" compensation for waste disposal

drivers such as Plaintiffs and the Putative Class Members at Republic's waste disposal facilities throughout the United States.

## STATEMENT OF FACTS

### Republic's Corporate Relationship

32.     Republic provides waste collection and disposal services to its customers throughout the United States.

33.     As it relates to certain allegations advanced in this complaint, an overview of Republic's corporate history and structure is not only necessary but instructive.

34.     Browning-Ferris Industries, Inc., commonly known to the world as BFI, has operated waste disposal facilities throughout the State of Arizona and the United States for many years.

35.     In 1999, Allied Waste acquired BFI's waste disposal facilities throughout the United States.

36.     Prior to the filing of this action, Republic (including its affiliates or subsidiary companies) acquired (or organized) numerous other waste disposal companies doing business throughout the State of Arizona and the United States. Today, along with Republic, these companies employ waste disposal drivers such as Plaintiffs and the Putative Class Members and conduct waste disposal operations throughout the State of Arizona and the United States.

37.     Today, Republic conducts its waste disposal business throughout the United States.

38.     Republic and its affiliates and/or subsidiaries, hold themselves out to the general public as one company—Republic Services, Inc. Prior to 2016, Republic organized itself into three geographic regions in the United States: East, Central and West.  Today, Republic is organized into two geographic regions in the United States: Group One and Group Two.

39.     Republic's organization allows it to provide collection, transfer, recycling and landfill waste services nationwide. Republic's structure allows it to fully integrate operations within each region and area, allowing for a top-down operating strategy. This organization also allows Republic to minimize administrative and personnel costs by collapsing and consolidating job duties into fewer managerial and administrative positions. Ultimately, this structure, with fewer administration and upper management personnel, allows for a more streamlined managerial decision-making.

40.     Upon information and belief, Republic shares employees, has common management, pools resources, is affiliated and operates out of the same headquarters and/or regional headquarters. Republic advertises through one website, provides the same type of service to its customers, and shares a common business model. Part of the common business model is the overtime wage violations made the basis of this complaint.

41.     Republic, and its subsidiaries throughout the United States, have an interrelation of operations, centralized control of labor relations, common control over business operations, and a common business purpose to provide their customers with commercial, industrial and residential waste collection services.

42.     At all times relevant herein, and upon information and belief, Republic and its subsidiaries were (and continue to be) joint employers and/or a single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

**Plaintiffs and the Putative Class Members are (or were) Waste Disposal Drivers for Republic**

43.     Republic has residential, commercial, and industrial lines of business that employ waste disposal drivers throughout the United States (the industrial division is also known as the "roll off" division; the commercial division is also known as the "front load" division).

44.     Republic's waste disposal drivers all collect, transport and dispose of waste.

45.     Republic's waste disposal drivers are or were non-exempt employees under both the FLSA and the PMWA.

46.     Plaintiffs and the Putative Class Members are (or were) non-exempt waste disposal drivers employed by Republic for the three-year period preceding the filing of this complaint and through the final disposition of this matter.

47.     Importantly, none of the FLSA or PMWA exemptions relieving a covered employer (such as Republic) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative Class Members.

48.     Moreover, Plaintiffs and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Republic resulting in the complained of FLSA and PMWA violations throughout the United States.

**Republic did not (and does not) pay Plaintiffs and Putative Class Members the proper amount of overtime in accordance with the FLSA or PMWA.**

49.     Plaintiffs and the Putative Class Members were (and are) required to work overtime hours when requested by Republic, and were (and are) subject to potential disciplinary action for refusing to work overtime.

50.     Plaintiffs and the Putative Class Members regularly worked (and continue to work) over forty (40) hours in a workweek as non-exempt waste disposal drivers.

51.     Plaintiffs and the Putative Class Members are compensated by what Republic defines as "Incentive Pay Plans." Republic's "Incentive Pay Plans" typically include combination pay of day rates, piece rates (lift rates, can pay, box pay, and/or zone pay) and hourly rates.

52.     Because Republic's Incentive Pay Plans are not in compliance with any recognized compensation schemes within the FLSA or the PMWA, and fail to compensate Plaintiffs and the Putative Class members for all hours worked, they ultimately result in a miscalculation of Plaintiff and the Putative Class Members' regular rate of pay and resulting overtime compensation.

53.     Republic's calculation of Plaintiffs and the Putative Class Members' regular rate of pay does not comply with the FLSA or the PMWA.

54.     Republic failed to pay Plaintiffs and the Putative Class Members time and one-half of the regular rate for each hour worked over 40 hours in a workweek as is required by the FLSA and the PMWA.

55.     Plaintiffs and the Putative Class Members were subject to (and continue to be subject to) the same or substantially similar payment scheme, as described above.

**Republic did not (and does not) compensate Plaintiffs and the Putative Class Members for all overtime hours worked off the clock.**

56.     As part of their job responsibilities, Plaintiffs and the Putative Class members had (and continue to have) pre and post-trip responsibilities that they were (and are) required to perform at the beginning and end of each assigned work shift.

57.     Plaintiffs and the Putative Class Members' pre and post-trip responsibilities were (and continue to be) integral and indispensable to their core job duties.

58.     Plaintiffs and the Putative Class Members' pre and post-trip responsibilities were (and are) not *de minimis* in nature.

59.     Plaintiffs and the Putative Class Members from time to time performed (and continue to perform) their pre and post-trip responsibilities off the clock without pay in violation of the FLSA and the PMWA.

60.     Republic knew (and knows) and at times encouraged (and continues to encourage) Plaintiffs and the Putative Class Members to perform their pre and post-trip responsibilities "off-the-clock" and without pay in violation of the FLSA and the PMWA.

61.     Republic did not (and does not) compensate Plaintiffs and the Putative Class Members for the pre and post-trip responsibilities that they perform off the clock in violation of the FLSA and the PMWA.

62.     As a result of Republic's failure to compensate Plaintiffs and the Putative Class Members for performing their pre and post-trip responsibilities off the clock, Plaintiffs and the Putative Class Members worked (and continue to work) overtime hours for which they were (and are) not compensated in violation of the FLSA and the PMWA.

63.     Republic's failure to compensate Plaintiffs and the Putative Class Members for off-the-clock overtime hours violated (and continues to violate) the FLSA and the PMWA.

64.     Plaintiffs and the Putative Class Members were subjected to (and are subject to) the same or substantially similar policy, practice or scheme that encouraged them to perform their pre and post-trip responsibilities off the clock as described above.

**Republic's Policy of Deducting Meal Periods and Republic's Dedicated to Safety Program**

65.     Republic has a policy that waste disposal drivers such as Plaintiffs and Putative Class Members automatically have 30 minutes per day for a meal period deducted from his or her hours worked.

66.     Republic was (and continues to be) aware that Plaintiffs and the Putative Class Members regularly worked (and continue to work) through their 30-minute meal periods without pay in violation of the FLSA and the PMWA.

67.     When calculating Plaintiffs and the Putative Class Members' hours each pay period, Republic deducted (and continues to deduct) 30 minutes from Plaintiffs and the Putative Class Members' daily on-the-clock hours in violation of the FLSA and the PMWA.

68.     In other words, for each 5-day workweek, Republic deducted (and continues to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, Republic deducted (and continues to deduct) a minimum of 3 hours from each workweek's total "on-the-clock" hours.

69.     Republic's systematic deduction of the 30-minute meal period from Plaintiffs and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiffs and the Putative Class Members working overtime hours for which they were (and are) not compensated in violation of the FLSA and the PMWA.

70.     Republic's systematic deduction of the 30-minute meal period from actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiffs and the Putative Class Members of the required and proper amount of overtime pay in violation of the FLSA and the PMWA.

71.     Defendants also had (and continue to have) a policy known as the "Dedicated to Safety" Program wherein they provide incentive pay by compensating employees with "points" which can be used to purchase a vast variety of items on an online website, https://propelhq.incentiveusa.com.

72.     Defendants provided these "rewards" to Plaintiff and the Putative Class Members on both a quarterly and annual basis for meeting Defendants' criteria for safe

operation of their waste trucks.

73.     When Defendants provided these DTS "rewards" to Plaintiffs and the Putative Class Members, they would make improper deductions from Plaintiffs' and the Putative Class Members' other wages, including day rate wages and hourly wages, without a legally sufficient reason for doing so, and without providing any advance written notice to Plaintiffs and the Putative Class Members of the deductions from their pay.

**COUNT ONE**
(Collective Action Alleging Violations of the FLSA)

**A.     FLSA COVERAGE**

74.     At all material times, Republic has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

75.     At all material times, Republic has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Republic has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

76.     At all material times, Plaintiffs and the Putative Class Members are or were employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206-07.

77.     At all material times, Republic has had, and continues to have, an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

78.     Plaintiffs and the Putative Class are all of Republic's non-exempt current and former waste disposal drivers throughout the United States who were paid pursuant to Republic's incentive pay plans during the past three years and through the final disposition of this matter.

**B.     FLSA CAUSES OF ACTION**

79.     Plaintiffs and the Putative Class Members incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

80.     Republic has not maintained accurate compensatory time records for Plaintiffs and the Putative Class Members as required by the FLSA. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7); *see also Anderson v. Mt. Clemens Pottery Co.*, 380 U.S. 680 (1946). Republic has a regular practice and policy of purging Plaintiffs' and Putative Class Members' daily activity sheets. The daily activity sheets are the best evidence for identifying the daily work, activities, and hours worked of Plaintiffs and the Putative Class Members.

81.     This practice regularly resulted in the miscalculation of Plaintiffs and the Putative Class Members' 40-hour workweek. That is, Plaintiffs and the Putative Class Members routinely worked 40 hours (if not more) before Republic's time records

indicated that Plaintiffs and the Putative Class Members had actually worked 40 hours in a given workweek.

82.     Consequently, these hours worked by Plaintiffs and the Putative Class members were often counted as straight time hours (under 40 hours), when they should have been counted as overtime hours (over 40 hours).

83.     Republic has violated and continues to violate the FLSA by failing to maintain accurate compensatory time records for Plaintiffs and the Putative Class Members.

84.     Republic has violated and continues to violate the FLSA by denying Plaintiffs and the Putative Class Members the correct amount of overtime pay for hours worked over 40 hours each workweek.

85.     Republic has violated and continues to violate the FLSA by denying Plaintiffs and the Putative Class Members the correct amount of overtime pay for performing their pre and post-trip responsibilities during hours worked over 40 hours each workweek.

86.     Republic's use of day rates and other forms of compensation in their Incentive Pay Plans creates an impermissible pay scheme pursuant to the FLSA. Specifically, Republic's Incentive Pay Plans fail to compensate Plaintiffs and the Putative Class Members for all hours worked because the day rates are Republic's best estimate of a waste disposal drivers' hours worked rather than actual hours worked by Plaintiffs and the Putative Class Members.

87.     Additionally, in the event that Plaintiffs and the Putative Class Members finished their route for the day early or needed to work for only half of the day, Republic, at times, did not pay them the day rate or other forms of compensation, but rather compensated them on an hourly basis and in a lesser amount that the day rate and other forms of compensation.

88.     Republic also compensated Plaintiffs and the Putative Class Members with "DTS Rewards" through their "Dedicated to Safety" ("DTS") Program wherein Plaintiffs and the Putative Class Members would be compensated by way of incentive pay in the form of "points" which could be sued to purchase a variety of items from an online website.

89.     Moreover, Republic compensated Plaintiffs and the Putative Class Members for mandatory "safety training" and/or "safety meetings" on an hourly pay basis.

90.     Republic has also violated and continues to violate the FLSA by denying Plaintiffs and the Putative Class Members the correct amount of overtime by deducting 30-minute meal breaks from their "on-the-clock" time regardless of whether Plaintiffs and the Putative Class Members actually worked through that meal period.

91.     Republic paid (and continues to pay) Plaintiffs and the Putative Class Members pursuant to a method that does not comply with the FLSA which results in a gross miscalculation of the regular rate of pay and underpayment of the required time-and-one-half overtime pay for each hour worked over 40 hours each workweek.

92.     Accordingly, Plaintiffs and the Putative Class Members bring this cause of action under section 216(b) of the FLSA, which allows these workers to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint and through the final disposition of this matter. 29 U.S.C. § 216(b).

93.     As set forth below, Plaintiffs and the Putative Class Members contend that Republic's conduct in violating the FLSA was (and continues to be) willful and in bad faith.

94.     Accordingly, Plaintiffs and the Putative Class Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

95.     Due to the willful and resulting bad faith nature of Republic's conduct, Plaintiffs and the Putative Class Members also seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for the period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

C.     **REPUBLIC'S CONDUCT IS WILLFUL**

96.     Despite two prior Orders from the Western District of Texas – San Antonio Division that clearly explained to Republic that its pay plan(s) did not comply with the

FLSA[1], Republic continues to not only willfully disregard the relevant pay provisions of the FLSA, but also the Orders from *Rodriguez* requiring them to pay Plaintiffs and the Putative Class Members time-and-one-half overtime pay for all hours worked over 40 hours per workweek.

97.     Republic knew or should have known that it was miscalculating Plaintiffs and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiffs and the Putative Class Members in violation of the FLSA.

98.     Republic knew or should have known that its failure to pay the correct amount of overtime to Plaintiffs and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiffs and the Putative Class Members.

99.     Republic's actions therefore constitute willful violations under the FLSA and were not made in good faith.

100.     Indeed, Republic is one of the largest waste disposal and recycling companies in the United States. It is a publicly traded company. Republic is a sophisticated business with the knowledge and expertise to know that the payment scheme used to compensate its waste disposal drivers was and continues to be impermissible under the FLSA.

---

[1] In *Rodriguez, et al. v. Republic Services, Inc, et al.,* Judge Xavier Rodriguez issued two Orders explaining that Republic's combination pay of day rates, incentive rates and hourly rates was not in compliance with the FLSA. Despite these clear directives from Judge Rodriguez, Republic made a business decision to only change those incentive pay plans that were identical to the incentive pay plans at issue in *Rodriguez.*

101.    Given the willful and bad faith nature of Republic's conduct, Plaintiffs and the Putative Class Members request this Court permit recovery for any claims within the last three years through the final disposition of this matter, including liquidated damages, from the filing of this suit. 29 U.S.C. § 255(a).

**D.    SIMILARITY OF PLAINTIFFS AND THE PUTATIVE CLASS MEMBERS**

102.    With regard to the FLSA violations asserted in this complaint, Plaintiffs and the Putative Class Members' experiences are typical of all drivers in Republic's locations throughout the United States.

103.    Plaintiffs and the Putative Class Members throughout the United States are subjected to the same or similar Incentive Pay Plan schemes implemented by Republic.

104.    Plaintiffs and the Putative Class Members throughout the United States are similarly situated in the following respects: (1) job duties, (2) pay structure, (3) denial of the proper amount of overtime wages, (4) denial of compensation for overtime hours for work performed "off-the-clock", ~~and~~ (5) deduction of wages for meal period time despite working through these designated meal periods; and (6) denial of compensation for all hours worked.

105.    Finally, a review of the pleadings, briefs and evidence filed by the parties in similar FLSA cases filed against Republic and its predecessor companies, Allied Waste and BFI, confirms that Republic's failure to properly calculate the regular rate for waste disposal drivers and pay the proper amount of overtime in accordance with the FLSA is not isolated to one or two cities (or states even), but rather, is Republic's nationwide practice (and problem). *See Turner et al. v. BFI Waste Services, LLC et al.,* Civ. A. No.

2:16-cv-02864-DCN (Dist. S.C. Charleston Division)( Claims for non-payment of "off-the-clock" work, wrongful deduction of 30 minutes per day for meal periods, and that combination pay schemes using day rates, incentive rates and hourly rates are non-compliant with the FLSA and the South Carolina Payment of Wages Act.[2]); *Rodriguez et al. v. Republic Services, Inc. et al.*, Civ. A. No. 5:13-cv-00020-XR (W.D. Tex. 2013)(Claim that combination pay scheme using day rates, incentive rates, and hourly rates was non-compliant with the FLSA resulting in a miscalculation of the regular rate and underpayment of overtime compensation.); *Serrano et al. v. Republic Services, Inc. et al.*, Civ. A. No. 2:14-cv-00077 (S.D. Tex. 2014) (Ramos, J.) (Claims for non-payment of "off-the-clock" work, wrongful deduction of 30 minutes per day for meal periods, and that combination pay schemes using day rates, incentive rates and hourly rates are non-compliant with the FLSA); *Williams v. BFI Waste Services, LLC et al.*, Civ. A. No. 3:16-cv-75-OPJ-FKB (S.D. Miss. 2016) (Claim that fixed base day rate plus incentive pay failed to compensate at proper hourly wage rate and overtime wage pursuant to the FLSA); *Peterson et al. v. Republic Services of Florida, L.P. et al.,* Civ. A. No. 08-60444-Civ-Hurley/Hopkins (S.D. Fla. 2008) (Claim that automatic deductions of 30 minutes per day deprived Plaintiffs of their wages.); *Gordon v. Republic Services, Inc.,* Civ. A. No. 12-cv-81186-Dimitrouleas (S.D. Fla. 2012) (Claims for non-payment of work through meal periods and other unpaid overtime hours.); *Jones et al. v. Republic Services, Inc.,*

---

[2] Coincidentally, the *Turner* case was filed on August 17, 2016, one day after this case was filed. While the allegations, facts, and legal issues there are substantially similar, if not identical, to the *Serrano* and *Taylor* cases, Republic has chosen to simply file an answer in the *Turner* case.

Civ. A. No. 0:14-cv-62943-WPD (S.D. Fla 2014) (Claim that Plaintiffs were not paid for lunch breaks on days when no qualifying lunch break was taken); *Morris et al. v. Republic Services of Florida, LP,* Civ. A. No. 0:14-cv-62797-FAM (S.D. Fla 2014) (Claims for failure to pay overtime at the statutorily mandated rate of one and one-half times his regular rate of pay for hours worked over 40.); *Williams et al. v. BFI Waste Services, LLC d/b/a Republic Services,* Civ. A. No. 3:14cv14-CWR-LRA (S.D. Miss. 2014) (Claim that Defendant failed to ensure that Plaintiff was paid his complete wages, or to ensure Plaintiff was paid at least time and one-half his regular rate of pay, and claim that Defendant improperly deducted a thirty (30) minute meal break.); *McGhee et al. v. Allied Waste Industries, Inc., et al,* Civ. A. No. 1:07-cv-01110-DCN (N.D. Oh. 2007) (Claims that Defendant required Plaintiffs to work "off-the-clock", failed to pay Plaintiff for time spend donning and doffing uniforms and protective gear, and failed to provide Plaintiff with bona fide meal periods.); *Wilson et al. v. BFI Waste Services, LLC d/b/a Allied Waste Services of Jackson,* Civ. A. No. 3:07-cv-662 WHB-LRA (S.D. Miss. 2007) (Claims that Defendant failed to properly pay for donning and doffing at the beginning and end of each work day and claim that Defendant automatically deducted a thirty (30) minute lunch period from each day of Plaintiff despite the fact Plaintiff did not get a proper lunch break.); *Satchell v. Allied Waste Industries, Inc.,* Civ. A. No. 2:08-cv-00156-NVW (D. Az. 2008) (Claim that Defendant deducted one-half hour a day for lunch resulting in a failure to compensate Plaintiff at one and one half times his regular rate for all overtime hours.); *Tellez et al. v. Allied Waste Services of North America, LLC,* Civ. A. No. 08-20300-cv-Lenard-Torres (S.D. Fla. 2008) (Claim that Defendant failed to

23

pay time and a half overtime for all overtime hours worked by Plaintiff because Defendant unilaterally deducted time from Plaintiff's hours worked for a meal break each day regardless of whether Plaintiff actually took a bona fide meal break.)

**COUNT TWO**
(Class Action Allegations Pursuant to the PMWA)

**A.     PMWA CLASS ACTION ALLEGATIONS**

106.    All previous paragraphs are incorporated as though fully set forth herein.

107.    Plaintiffs bring this claim under the PMWA as a Rule 23 class action. The members of the class ("PMWA Class" or "PMWA Class Members") are similarly situated to Plaintiff LaBryer in all relevant respects.

108.    At all relevant times Plaintiff LaBryer and the PMWA Class were all waste disposal drivers working either in the residential, industrial, or commercial lines of business for Republic.

109.    The PMWA Class is defined as:

> **All of Republic's non-exempt current and former waste disposal drivers throughout Pennsylvania who were paid pursuant to Republic's incentive pay plans during the past three years and through the final disposition of this matter. ("PMWA Class" or "PMWA Class Members").**

110.    Republic's failure to pay wages and overtime compensation at the rates required by the state laws of Pennsylvania result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the members of the PMWA Class.

111.    The precise size and identity of the proposed class should be ascertainable

from the business records, tax records, and/or employee or personnel records of Republics.

112.    At all times hereinafter mentioned, Republic has been an employer within the meaning of the PMWA, 43 P.S. § 333.103(f).

113.    At all times hereinafter mentioned, Plaintiffs and the PMWA Class Members have been employees within the meaning of the PMWA, 43 P.S. § 333.103(g).

114.    Numerous employees have been victimized by Republic's pattern, practice, and policy of failing to pay for all hours worked over 40 which are in willful violation of the PMWA.

115.    Plaintiff LaBryer has no interest contrary to, or in conflict with, the members of the PMWA Class.  Like each member of the proposed class, Plaintiff has an interest in obtaining the unpaid overtime wages owed to him under the state laws of Pennsylvania.

116.    Plaintiff and his counsel will fairly and adequately represent the class members and their interests.

117.    Class action treatment of Plaintiffs' PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

118.    In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b) Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members.

119. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual PMWA Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual PMWA Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual PMWA Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual PMWA Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in impairment of the PMWA Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

120.  Republic employed numerous employees like Plaintiff LaBryer throughout Pennsylvania over the past three (3) years.  Numerous other of Republic's Pennsylvania waste disposal drivers were paid in the same manner, performed similar or the same work, and were not properly compensated for all hours worked as required under Pennsylvania state wage law.

121.  Based on his experiences and tenure, Plaintiff LaBryer is aware of Republic's illegal pay practices or policies that have been imposed on the PMWA Class.

122.  Concentrating the PMWA Class litigation and the FLSA claims will also promote judicial economy and parity among the claims of the members of the PMWA Class.

123.  The questions of law and fact common to the PMWA Class and the FLSA Putative Class are predominately similar.

**B.    VIOLATIONS OF THE PMWA**

124.  All previous paragraphs are incorporated as though fully set forth herein.

125.  Plaintiff LaBryer brings this claim under the PMWA as a Rule 23 class action.

126.  The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

127.  At all relevant times Republic was subject to the PMWA.

128.  At all relevant times, Republic employed Plaintiff and PMWA Class members with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

129.  Plaintiffs and other PMWA Class Members have not been exempt from

receiving overtime benefits under the PMWA.

130.    The PMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over 40 per week.

131.    Plaintiffs and other PMWA Class Members worked more than 40 hours in workweeks during times relevant to this complaint, however, Republic violated the PMWA by failing to pay Plaintiff and other class members the correct overtime premium for hours worked over 40 per week.

132.    Plaintiffs and the PMWA Class have suffered damages and continue to suffer damages as a result of Republic's acts or omissions as described herein.

133.    Pennsylvania law only permits an employer to pay a half rate of overtime to an employee receiving a day rate when the employee does not receive any other forms of compensation. Plaintiff and the PMWA Class are and were routinely paid day rates and other forms of compensation by Republic through Republic's Incentive Pay Plans.

134.    Republic's use of day rates and other forms of compensation in their Incentive Pay Plans create an impermissible pay scheme pursuant to the PMWA. Further, Republic's Incentive Pay Plans fail to compensate Plaintiffs and the Putative Class Members for all hours worked because the day rates are Republic's best estimate of a waste disposal drivers' hours rather than actual hours worked.

135.    In addition to its' impermissible Incentive Pay Plans, Republic also fails to maintain accurate compensatory time records for Plaintiff and the PMWA Class as required by Pennsylvania law.  Republic has a regular practice and policy of purging Plaintiffs' and PMWA Class members' daily activity sheets.  The daily activity sheets are

the best evidence for identifying the daily work, activities, and hours worked of Plaintiff the PMWA Class members.

136.    Additionally, in the event that Plaintiff and the PMWA Class members finished their route for the day early or needed to work for only half of the day, Republic, at times, did not pay them the day rate, but rather compensated them on an hourly basis and in a lesser amount than the day rate.

137.    Defendant also compensated Plaintiff and the PMWA Class members with "DTS Rewards" through their "Dedicated to Safety" ("DTS") Program wherein Plaintiff and the PMWA Class members would be compensated by way of incentive pay in the form of "points" which could be sued to purchase a variety of items from an online website.

138.    Republic also compensated Plaintiff and the PMWA Class members for mandatory "safety training" and/or "safety meetings" on an hourly pay basis.

139.    Republic has violated and continues to violate the PMWA by denying Plaintiff and the PMWA Class members the correct amount of overtime pay by deducting 30-minute meal breaks from their "on-the-clock" time regardless of whether Plaintiff and the PMWA Class members actually worked through that meal period.

140.    Plaintiff and each member of the PMWA Class seek unpaid overtime in an amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available liquidated damages, all available penalty damages and such other legal and equitable relief as the Court deems just and proper.

141.    Plaintiff and each member of the PMWA Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the PMWA.

142.    Accordingly, Plaintiff and the PMWA Class members bring this cause of action pursuant to the PMWA which allows these workers to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint and through the final disposition of this matter.

143.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).    Accordingly, the PMWA Class should be certified as in Paragraph 109.

## ATTORNEYS' FEES

144.    Plaintiffs and the Putative Class Members are entitled to recover their reasonable attorneys' fees, costs and expenses of this action as provided by the FLSA.  29 U.S.C. § 216(b).

## JURY DEMAND

145.    Plaintiffs and the Putative Class Members hereby request a jury.

## PRAYER FOR RELIEF

146.    Plaintiffs respectfully pray for judgment against Republic as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Republic to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order certifying a Rule 23 "opt-out" class action as defined in Paragraph 109, and designating Plaintiff LaBryer as a Representative for the PMWA Class;

d. For an Order awarding Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Section 16(b) of the FLSA finding Republic liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

f. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

g. For an Order awarding Plaintiffs (and those who have joined in the suit) attorneys' fees;

h. For an Order awarding Plaintiffs service awards as permitted by law;

i. For an Order compelling the accounting of the books and records of Republic; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

k.

Dated this 26th day of September, 2016.

Anderson2X, PLLC

By: *s/ Austin W. Anderson*
    Austin W. Anderson

Attorneys for Plaintiffs and Putative Class Members

Mushkatel, Robbins & Becker, PLLC

By: *s/ Zachary Mushkatel*
    Zachary Mushkatel

Attorneys for Plaintiffs and the Putative Class Members