**Zachary Mushkatel**
Arizona Bar No. 023377
**Mushkatel, Robbins & Becker, PLLC**
15249 North 99th Avenue
Sun City, Arizona 85351
Tel: (623) 889-0691
Fax: (623) 974-4739
zach@phoenixlawteam.com
**Austin W. Anderson** *(Admitted Pro Hac Vice)*
Texas Bar No. 24045189
austin@a2xlaw.com
**Clif Alexander** *(Admitted Pro Hac Vice)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy** *(Admitted Pro Hac Vice)*
Texas Bar No. 24071993
lauren@a2xlaw.com
**Anderson2X, PLLC**
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles Taylor, and Richard LaBryer, Individually and on behalf of all others similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>Republic Services, Inc.,<br><br>*Defendant* | § § § § § § § § § § § § § | No. 2:16-cv-02760-DGC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S EXPEDITED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION** |

Plaintiffs Charles Taylor and Richard LaBryer, individually and on behalf of all opt-in plaintiffs and others similarly situated (hereinafter "Plaintiffs and the Putative Class Members") file this Response to Defendant Republic Services, Inc.'s ("Republic")

Expedited Motion for Extension of Time to Respond to Plaintiff's Motion for Conditional Certification ("Motion for Extension"), and would respectfully show the following:

1. Republic has protested for more than a month now that the current matter before this Honorable Court "is *Serrano* redux, before *Serrano* has been concluded (i.e., the primary legal claims are the same, the defenses are the same, the lead lawyers are the same, ***and the parties are virtually the same***)." See ECF 31, p. 2 (citing ECF No. 28) (emphasis added).

2. Yet, Republic's admissions in its Motion for Extension belie its arguments that *Taylor* should be dismissed, transferred or stayed pending the resolution of *Serrano*. Specifically, Republic admits that "***tens of thousands of individuals who were employed at hundreds of facilities across the United States***" are subject to Republic's incentive pay plans and automatic meal deductions. *Id*. at 3.

3. That admission by itself should alert this Court to Republic's hypocrisy and inconsistent arguments (read: gamesmanship) made in support of its motion to dismiss, transfer or stay the *Taylor* case. As discussed at length in briefing already before this Honorable Court, the *Serrano* matter deals ***only*** with current and former waste disposal drivers who worked at Republic's facilities in Texas. Plaintiffs' counsel in *Serrano* never sought nationwide conditional certification thereby making it impossible to have the same parties at issue in the *Taylor* case.[1]

---

[1] It should also go without saying that any current or former waste disposal driver who opted in to the *Serrano* matter and has not been dismissed without prejudice is barred from participating in the *Taylor* matter as a matter of law.

2

4. And while the *Taylor* Plaintiffs do seek nationwide certification, it should be noted that Plaintiffs specifically wish to carve out the plaintiffs in *Turner v. BFI Waste Services, LLC et al*, No. 2:16-cv-02864-DCN (D.S.C. Aug. 17, 2016) and any putative class members who worked in North and/or South Carolina in the last three years, which are the subject of the *Turner* plaintiffs' motion for conditional certification. *See Turner*, ECF No. 15.

5. Interestingly, Republic requested a two-week extension to respond to the plaintiffs' motion for conditional certification in the *Turner* case under the guise of "[d]ue to Hurricane Matthew and its effects, several of Republic's facilities in North and/or South Carolina were closed and many of Republic's employees in North Carolina and/or South Carolina were subject to mandatory evacuation orders and had to relocate their families." *See Turner*, ECF No. 16, p. 2. Just as Republic has requested in *Taylor*, Republic claimed it "required additional time to collect the relevant documents and information in order to prepare its response." *Id.*; *see also Taylor*, ECF No. 31, p. 3.

6. Yet, miraculously, Republic was able to find enough documents and information to file a motion for summary judgment against the plaintiffs in the *Turner* case within the timeframe of the requested (and consented to) extension. *See Turner*, ECF No. 22 filed on October 19, 2016—**SIX** days after requesting a two-week extension to respond to the plaintiffs' motion for conditional certification.

7. This Honorable Court should not be fooled by Republic's gamesmanship here. There is absolutely no need for an extension, especially one for an additional three-weeks, for Republic to respond to Plaintiffs' Motion for Conditional Certification in the

3

*Taylor* matter. Republic has all of the information and documents it needs to properly respond within the time frame provided by the Rules.

RESPECTUFLLY SUBMITTED this the 21st day of October 2016.

**Anderson2X, PLLC**

By: *s/ Austin W. Anderson*
Austin W. Anderson

**Mushkatel, Robbins & Becker, PLLC**

By: *s/ Zachary Mushkatel*
Zachary Mushkatel

**Attorneys for Plaintiffs and Putative Class Members**

Case 2:16-cv-00502   Document 33   Filed on 10/21/16 in TXSD   Page 5 of 5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of October 2016, I electronically filed the foregoing document with the Clerk's Office using the CM/ECF system, which will send a notification of such filing to the following:

Esteban Shardonofsky
Seyfarth Shaw, LLP
700 Milam Street, Ste. 1400
Houston, Texas 77002

Noah A. Finkel
Kara L. Goodwin
Seyfarth Shaw, LLP
131 S. Dearborn Street, Ste. 2400
Chicago, Illinois 60603

Mark G. Kisicki
Alec Hillbo
Ogletree, Deakins, Nash, Smoak & Stewart PC
2415 East Camelback Road Suite 800
Phoenix, AZ 85016

*s/ Austin W. Anderson*
Austin W. Anderson