**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Taylor and Richard LaBryer, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>Republic Services, Inc.,<br><br>                Defendant. | No. CV16-02760-PHX DGC<br><br>**ORDER** |

Defendant Republic Services, Inc. moves to transfer this case to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). Doc. 28. The motion is fully briefed, and the Court discussed the motion with the parties on November 17, 2016. For the reasons that follow, the Court will grant the motion.

**I.    Background.**

Plaintiffs are ten individuals from Texas and two from Pennsylvania who claim that Republic violated the Fair Labor Standards Act ("FLSA") when it failed to pay them overtime and engaged in other improper compensation practices. Plaintiffs have sued on behalf of a potential nationwide class of present and former Republic employees.

Republic notes that a similar case is pending in the United States District Court for the Southern District of Texas, *Serrano v. Republic Services, Inc.*, No 2:14-CV-00077. The *Serrano* case makes many of the same claims as this case and includes a class of Texas

plaintiffs with similar FLSA claims against Republic. Republic argues that Texas is the more convenient forum under the factors to be considered in a § 1404(a) motion.[1]

## II. Legal Standard.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Plaintiffs do not dispute that this action could have been brought in the Southern District of Texas.

In ruling on Defendant's motion, the Court must consider several factors: (1) the convenience of the parties and witnesses, (2) the availability of compulsory process to compel unwilling witness attendance, (3) the ease of access to sources of proof, (4) the differences in the costs of litigating in the two forums, (5) contacts with the chosen forum, (6) jurisdiction over the parties, and (7) the relative familiarity of the two courts with the applicable law and the pendency of related actions in other forums. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 2000); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

## III. Analysis.

### A. Plaintiffs' Choice of Forum.

Courts are reluctant to upset a plaintiff's choice of forum, but the choice "is normally only given substantial deference if the plaintiff is a resident of the district in which the action is brought. Otherwise, this bears little significance on determining whether to grant a discretionary transfer." *Miracle Blade, LLC. v. Ebrands Commerce Grp., LLC.*, 207 F. Supp. 2d 1136, 1155 (D. Nev. 2002) (citing *Collins v. JC Penney Life Ins. Co.*, No. C 01-4069-SI, 2002 WL 505931, *3 (N.D. Cal. 2002)). In addition, the plaintiff's choice is given less deference in a class action that implicates many different

---

[1] Republic also moved to dismiss this action under the first-to-file rule in light of the *Serrano* litigation. Doc. 28. The Court denied that motion on the record during the hearing on November 17, 2016, finding that differences between the two cases counseled against dismissal.

2

class members from many different states.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum[,] . . . when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight."); *Hawkins v. Gerber Prod. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013) (same).

Both factors are present here.  Plaintiffs are from Texas and Pennsylvania, not Arizona, and they seek to represent a nationwide class of Republic employees.  The Court accordingly will not attach significant weight to their choice of forum.

### B.     Relevant Factors.

#### 1.     Convenience of the Parties and Witnesses.

This factor favors transfer to Texas.  As noted, ten Plaintiffs are from Texas and two from Pennsylvania.  Plaintiffs were drivers for Republic and claim they were not paid properly for time they worked off the clock, overtime, and mealtime, among other claims.  The proof and defense of these claims primarily will require witnesses at the local level, mostly in Texas.  These include not just Plaintiffs, but also their supervisors, managers, and co-workers.[2]

Plaintiffs note that Republic is headquartered in Arizona, and they identify some Republic officers who are based in Phoenix and likely will be witnesses in this case.  These include Jon Black, Joe Burkel, Don Slager, and Rob Schmitt.  Doc. 32 at 17.  But other Phoenix witnesses identified by Plaintiffs – primarily data processing personnel, HR personnel, and payroll personnel – do not have an obvious connection to this case.  These people appear to be involved in the mechanics of Republic's general payroll process, but their involvement in the actual time worked by Plaintiffs is not apparent.  Indeed, during the hearing on this motion, counsel for Plaintiffs noted that key decision makers are located at the area and regional levels of the company, outside of Arizona.

---

[2] Plaintiffs intend to represent a nationwide class, but at this point the Court has before it only the 12 identified Plaintiffs and the Defendant.  At this pre-certification stage, the Court must conduct its § 1404(a) analysis on the basis of the parties presently in the case.

Thus, it appears that a substantial majority of relevant witness will be located in Texas, not Arizona. The Court concludes that the convenience of the parties and witnesses favors transfer to Texas.

**2.       Availability of Compulsory Process and Live Testimony.**

This factor favors Texas. With a majority of witnesses located there, compulsory process in Texas will produce more live witnesses than compulsory process in Arizona.

**3.       Relative Ease of Access to the Sources of Proof.**

For the same reason, this factor also favors Texas. Most witnesses are located there. Documentary evidence may be accessed from Texas and Arizona through document production requests. It does not appear that this case is likely to involve significant document discovery from third parties.

**4.       Differences in Cost of Litigation in the Two Forums.**

This factor favors Texas. The costs of discovery are not likely to be significantly different in Texas or Arizona, as the witnesses will need to be deposed wherever they are located and document discovery should be the same from both locations. The costs of trial, however, are likely to be significantly higher in Arizona because of the many Texas parties and witnesses who would be required to travel to Arizona for trial.

**5.       Contacts with Arizona.**

This factor is neutral. Plaintiffs do not have meaningful contacts with Arizona, but Republic does. As noted above, Plaintiffs' choice of forum is not entitled to particular deference in this case.

**6.       Jurisdiction Over the Parties in the Present Forum.**

This factor is neutral. Texas and Arizona both appear to have jurisdiction over the parties and the claims.

**7.       Relative Familiarity of the Two Courts with the Applicable Law and the Pendency of Related Litigation in Other Forums.**

This court and the Texas court are likely to have equivalent familiarity with the FLSA and little familiarity with the Pennsylvania claims. Although the pendency of

related litigation in the proposed transferee forum is not a factor listed in *Decker Coal*, other cases have considered this factor under a 28 U.S.C. § 1404(a) analysis. *See*, *e.g.*, *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Defendant argues that judicial economy would be served by transferring this case to the Southern District of Texas to be heard alongside *Serrano* and perhaps even consolidated with that case. Defendant also argues that transferring this action to the Southern District of Texas is likely to promote judicial consistency by minimizing the risk of inconsistent judicial findings. The Court agrees.

**8.    Consideration of All the Factors.**

Considering the relevant factors, the Court concludes that this case should be transferred to the Southern District of Texas. The pendency of related litigation there, against the very same Defendant, weighs strongly in favor of transfer, and each of the other factors either favors transfer or is neutral.

**IT IS ORDERED:**

1. Defendant's motion to transfer (Doc. 28) is **granted**.
2. The Clerk shall transfer this case to United States District Court for the Southern District of Texas.

Dated this 21st day of November, 2016.

_____
David G. Campbell
United States District Judge

5